Peter F. Wirsing v. John Sauer.— Motion to dismiss appeal granted, with ten dollars costs, unless appellant comply with terms stated in order.

In the Matter of The Home Book Company. (Frank F. Lovel, Appellant.)— Motion to dismiss appeal granted, with ten dollars costs, unless appellant comply with terms stated in order.

Charles H. Barson and Others v. Agnes K. M. Mulligan and Others.— Motion denied, without costs.

The People of the State of New York v. David Beitscher.— Motion granted.

The People of the State of New York v. Jacob Ganis.— Motion granted.

In the Matter of Sarah A. Moore v. William J. Moore, an Incompetent.— Motion to dismiss appeal granted, with ten dollars costs.

Leo E. Ostro v. Thomas A. McKennell. Louis J. McCloskey and Others v. Jacob Newmark and Others, Impleaded. Oscar Gottlieb v. Peck & Mack Company.— Applications denied, with ten dollars costs. Orders signed.

Eva Speiser, an Infant, etc., v. The A. Luban Company.— Motions denied, with ten dollars costs.

Louise Tiedjen, as Administratrix, etc., v. National Elevator Company.— Motion denied, with ten dollars costs.

. Francis J. Murphy and Others v. No. 1 Wall Street Corporation and Others.— Motion denied, without costs.

The People of the State of New York ex rel. William H. Walker v. John F. Ahearn, as President of the Borough of Manhattan, City of New York.— Motion granted. Settle order on notice.

Alfred S. Witherbee and Others v. Lawrence Dilworth, Impleaded, etc.— Motion granted and questions certified as stated in order.

In the Matter of the City of New York (In the Matter of Boston Road and Bear Swamp Road).— Motion denied, with ten dollars costs.

In the Matter of J. George Laffargue, Deceased.— Motion granted and questions certified as stated in order.

Hyman Kaplan v. The Friedman Construction Company.— Application granted. Order signed.

---

### Second Department, February, 1911.

In the Matter of the Judicial Settlement of the Account of Lizzie D. Affleck and James G. Affleck, as Trustees under the Last Will and Testament of James Affleck, Deceased, and of the Account of Proceedings of James G. Affleck, as Sole Acting Trustee under Said Will Since the Death of Said Lizzie D. Affleck.

*Surrogate — trust — accounting.*

Appeal from an order of the Surrogate's Court of Westchester county denying an application to open a decree of that court entered May 18, 1908.

Per Curiam: We are of opinion that in furtherance of justice the decree herein of the Surrogate's Court of Westchester county should be vacated in order that the appellant may litigate properly, with an appropriate right of review on appeal, the question as to whether the stock certificates, which are the point of con-